## In re BOORVIS.

### (District Court, S. D. New York. May 5, 1913.)

ALIENS (§ 68*)—NATURALIZATION—PETITION—AMENDMENT—CHANGE OF NAME.
    Act Cong. June 29, 1906, c. 3592, § 6, 34 Stat. 598 (U. S. Comp. St. Supp. 1911, p. 532), empowers the court to make a decree changing the name of an alien, but Penal Law (Act March 4, 1909, c. 321, 35 Stat. 1102 [U. S. Comp. St. Supp. 1911, p. 1611]) § 76, makes it an offense for any one to apply for naturalization in a fictitious or assumed name. *Held*, that where petitioner, whose real name was Isaac Brody, filed a declaration of intention to become a citizen as Isaac Boorvis, he could not be allowed to amend his petition, but was required to file a new declaration in his right name.

    [*Ed. Note.*—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

In the matter of the application of Isaac Boorvis for naturalization. On application for amendment of record. Denied.

Geo. Furst, of Newark, N. J., for petitioners.
Henry A. Wise, U. S. Atty.

WARD, Circuit Judge. Isaac Brody, whose mother's maiden name was Chaie Boorvis, came to this country in February, 1906, using a steamship ticket which had been sent to him in Russia by his uncle, Morris Boorvis, in which he was described as Isaac Boorvis. He has for the past three years lived with his family in Newark, N. J., doing business under his real name of Isaac Brody.

May 20, 1909, he filed his declaration of intention to become a citizen in the Circuit Court of the United States for this district in the name of Isaac Boorvis, being advised to do so in order that the time of his arrival could be established by reference to the records of the Immigration Bureau.

In March of this year he filed a petition in the court of common pleas of the county of Essex, state of New Jersey, asking to be made a citizen under his real name of Isaac Brody.

Section 6 of the act of June 29, 1906 (34 Stat. 598, c. 3592 [U. S. Comp. St. Supp. 1911, p. 532]), empowers the court to make a decree changing the name of the alien, but the court refused to do so until his original declaration of intention had been amended.

If the error in the original declaration had been clerical, or had been innocent, I think it would be within the power of the court to amend it, so as to make it speak the truth. The difficulty is that section 76 of the Penal Law (Act March 4, 1909, c. 321, 35 Stat. 1102 [U. S. Comp. St. Supp. 1911, p. 1611]) makes it an offense for any

---

one to apply for naturalization in, a fictitious or assumed name. In view of this statute, I think the petitioner must be left to make a new declaration in his right name.

The motion is denied.